No. 738

HUNTER v. CITY SAVINGS BANK

Ohio Appeals, 2nd Dist., Montgomery Co.

No. 700. Decided April 26, 1926

1104. STATUTES—Sec. 11317 GC. is given a liberal construction in construing facts setting forth a counter-claim, as to the same transaction or same subject of action.

317. COUNTER CLAIM—A cross-petition and counter-claim to a petition claiming rental is joinable when damages in the counter-claim are alleged by the defendant, due to water flowing onto his premises by reason of negligent heating causing a bursting of pipes.

BY THE COURT.

This action was brought in the Montgomery Common Pleas by the City Trust & Savings Bank against George Hunter to recover $1000 for two months rent for a portion of a building of which the bank was lessor.

There was a default judgment which was opened up to allow Hunter to file an answer and cross-petition in which he admitted the liability for the rent but as a counter-claim stated that the lessor, by careless and negligent heating, caused water pipes to burst in the rear of the basement of the store room occupied by Hunter, the water entering the room and by reason thereof, he was damaged to the extent of $705.67.

The Bank demurred to the cross-petition and was sustained by the court on the ground that the counter-claim was not properly joined in the action. Error was prosecuted by Hunter and the Court of Appeals held:

1. The whole question is whether the counter-claim set forth in the cross-petition was joinable.

2. A counter-claim is a cause of action existing in favor of a defendant against a plaintiff - - - - arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of action. 11317 GC.

3. The counter-claim in this case being based on negligence may be considered a tort; but that of itself does not preclude it from being joined if it arises out of the same transaction or is connected with the subject of the action.

4. Although the claim is for rent, the transaction and subject matter would involve the use and occupation of the premises which formed the consideration of the account.

5. Any counterclaim involving the use of the premises during a period for which rental is claimed is joinable.

6. The cases of 20 OS. 362 and 91 OS. 106 justify a liberal construction of 11317 GC. and support the view that the counter-claim in this case is joinable.

Judgment reversed and cause remanded.

Attorneys—Estabrook, Finn & McKee, and Frank W. Krehbiel for Hunter; Brown & Frank, for Bank; all of Dayton.